JOHN HAGGELUND *vs.* OAKDALE MFG. CO.

PROVIDENCE—DECEMBER 16, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)    *New Trials.    Accident and Mistake.*

Through mistake in relying upon an erroneous memorandum of defendant's attorney, the statement of evidence on a petition for new trial was filed after the expiration of the extension of time for filing the same. Defendant then filed his petition for new trial in the Common Pleas Division, and also filed in the Appellate Division a petition praying for a new trial on the ground that the neglect to file the transcript of evidence was due to mistake; secondly, that the petition for new trial in the Common Pleas Division be

heard; or, thirdly, that the Appellate Division grant an extension of time wherein to file the transcript and petition:—

*Held*, that the scope of Gen. Laws cap. 251, § 2, was to remedy the effect of accident, mistake, or unforeseen cause which had occurred previous to or during the progress of a trial and had occasioned error in the judgment itself, but after a full trial of a cause a review would not be granted unless the petitioner had lost his opportunity to apply for it by some substantial misfortune.

*Held*, further, that in the case at bar the facts stated presented merely a case of neglect by reason of forgetfulness to take the necessary steps to obtain a new trial.

(2)  *New Trial.*

*Held*, further, that the Appellate Division had no jurisdiction to hear a petition for new trial unless presented as provided by law.

(3)  *New Trial.   Extension of Time to File Transcript.*

*Held*, further, that the Appellate Division has no power to grant further time within which a record may be filed in the Common Pleas Division, but only the power to grant an extension of a subsisting term.

TRESPASS ON THE CASE.     Heard on petition of defendant for new trial, and denied.

DOUGLAS, J.   The defendant in this case, in which a trial was had in the Common Pleas Division, after verdict for the plaintiff, duly filed his notice that he intended to file a petition for a new trial; and upon his application, Mr. Justice Wilbur, who had sat in the case, extended the time for filing the transcript of the evidence to April 25, 1904.   On that day the stenographic clerk delivered the transcript to the defendant's attorney, bearing upon it a memorandum that the 25th day of April was the last day for filing.   The attorney, at the time of his application to Mr. Justice Wilbur, asked that he should be given until May 2, but was informed that April 25 was the last day which the statute allowed.   On returning to his office, he says that, having the date May 2 in his mind, he set it down upon a memorandum as the prescribed date of filing.   On April 26, 1904, the defendant filed in the Common Pleas Division his statement of the evidence, and on April 28 a petition for a new trial setting forth certain specific grounds therefor.

On the same day, April 28, he filed in this division a petition

setting out the travel of the case and that the neglect to file the transcript of evidence was due to the mistake of the attorney in relying upon his erroneous memorandum; and praying, first, for a new trial; or, secondly, that the petition for a new trial be heard upon its allegations; or, thirdly, that this division now grant an extension of time wherein to file the transcript and petition, that it may come up for hearing in due time.

(1)    The prominent scope of section 2 of Chapter 251 is to remedy the effect of accident, mistake, or unforeseen cause which has occurred previous to or during the progress of a trial and has occasioned error in the judgment itself. In *Martin* v. *Hutchens*, 21 R. I. 258, the court extended the application of the section to include an occurrence which prevented the party from completing the steps he had begun towards prosecuting a petition for a new trial. The peculiar hardship of the case, the party having been killed by a burglar, disposed the court to construe the statute as liberally as possible. If we admit the conclusion of that case, we find no circumstances in this one to justify the application of the remedy. The case seems to us to be liable to the comment which we made in *McDermott* v. *The R. I. Company*, Ex. No. 3353, where we said: "The affidavit filed by the defendant in this case fails to show any statutory ground for its petition for leave to file a petition for a new trial. Nothing which the law recognizes as 'accident, mistake, or any unforeseen cause,' is shown to have occurred; but simply neglect, by reason of forgetfulness, to take the necessary steps to file a petition for new trial in the Common Pleas Division within the time limited by statute." So in the case at bar; the time asked for was one beyond the limitation of the statute, and the counsel was so told by the justice to whom he applied. Notwithstanding this, he misled himself by making an erroneous memorandum. This was mere carelessness. Again, he neglected to read the notification on the transcript of evidence, which correctly stated the day prescribed for filing it. This is not such misfortune as the statute contemplates or relieves from, where the party has once had his day in court. In cases of default, which are the cases primarily dealt with in this section,

the court has exercised a very broad discretion in granting trials, even where the mistake has not been entirely excusable; but after one full trial of a cause, with all the formalities prescribed by law, we do not feel warranted in granting a review unless the petitioner has lost his opportunity to apply for it by some substantial misfortune. Such are the cases cited by the petitioner, *Densereau* v. *Saillant*, 22 R. I. 500; *Miller* v. *McCormick*, Ex. No. 3502.

(2)     The second prayer can not be granted.

We have no jurisdiction to hear a petition for a new trial unless presented as provided by law. *Bristow* v. *Nichols*, 19 R. I. 719; *Martin* v. *Hutchens*, 21 R. I. 258; *Blaisdell* v. *Harvey*, 25 R. I. 572; *Dillon* v. *O'Neal*, 26 R. I. 87. The principle is the same as in the case of appeals, *Brayton* v. *Dexter*, 16 R. I. 70; *Vaill* v. *Town Council of New Shoreham*, 18 R. I. 405, and cases cited at page 407.

(3)     Neither do we think that we have any power now to grant further time within which the record may be filed. It is provided by a recent statute, Pub. Laws cap. 1111, that the time within which the statement of evidence may be filed may be extended by the justice who tried the cause, not exceeding six weeks from the end of five days after verdict or decision, unless the six weeks terminate in vacation, and that "in case of the sickness or other disability of the stenographic clerk who made such statement of the evidence and the rulings thereon, and for other causes, the appellate division of the supreme court may, on motion therefor by the party ordering such statement of the evidence and the rulings thereon, for cause shown and after notice to the other parties to said cause, grant a further *extension* in its discretion."

We find here no power to grant a new term, only an extension of a subsisting one. The whole proceeding is designed to be diligently prosecuted. The provision is part of a plan to render the work of the stenographic clerks more efficient and to hold parties to prompt action. Delay, unless for cause, is not to be granted, and then only when seasonably applied for. After the allotted term has once expired it can not be enlarged or added to. The review of a case on petition for a new trial by

this method is treated not as a right, but as a privilege which can be obtained only by compliance with strict conditions.

The petition must be denied and dismissed.

*John W. Hogan and Philip S. Knauer*, for plaintiff.