PEOPLES LOAN AND TRUST COMPANY *vs.* WILLIAM McMURRAY
*et al.*

APRIL 4, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Garnishment.   New Trial.   Accident and Mistake.*

January 27, 1905, the personal estate of defendant was attached in the hands of the bank. February 2, 1905, the assistant treasurer of the bank made affidavit as to the amount due defendant. February 2, 1906, the bank was charged as garnishee for the amount disclosed and execution issued, payment of which was refused on the ground that the amount disclosed was by accident and mistake stated to be $50 more than was due defendant, this

amount having been withdrawn the day previous to the attachment, but not entered upon the account when it was examined the day of the service of the writ. The officer who made the examination failed to inquire as to whether any withdrawals had been made. On petition of garnishee for a new trial:—

*Held*, that the facts disclosed a case of neglect, on the part of the garnishee, affording no ground for new trial.

(2) *Garnishee not Entitled to Notice when Charged.*

A garnishee, having been notified of the suit by the service of writ, is not entitled to further notice of the hearing at which it is charged.

Petition of Pawtucket Institution for Savings, Garnishee, for a new trial upon the matter of its being charged as garnishee.

Johnson, J. On the 27th day of January, 1905, the Pawtucket Institution for Savings was served with a writ, issued by the District Court of the Eleventh Judicial District, in an action brought by the Peoples Loan & Trust Company against William McMurray *et al.*, attaching the personal estate of Hannah McMurray, one of the defendants, in the hands and possession of said institution. February 2, 1905, an affidavit was made, by the assistant treasurer of said garnishee, stating that there was in the hands and possession of said garnishee at the time of the service of said writ the sum of $154.62 of the personal estate of the defendant Hannah McMurray. This affidavit appears to have been filed in said District Court February 3, 1905. March 4, 1905, defendants submitted to a decision for plaintiff for $250 and costs; and on the same day claimed a jury trial. January 30, 1906, jury trial having been waived by agreement, the cause was heard by a justice, in the Superior Court, and February 1, 1906, a decision was given for the plaintiff for $257.20. February 2, 1906, said Pawtucket Institution for Savings was charged as garnishee to the extent of $154.62, and February 8, 1906, judgment was given for the plaintiff for $257.20 debt and $8.30 costs. February 12, 1906, execution was issued and payment of said sum with which said garnishee had been charged was demanded by a deputy sheriff charged with the service of said execution, and was refused, the final refusal being on February 17, 1906, said garnishee claiming

that at the time of filing its affidavit in said case the amount due said Hannah McMurray at the time of the service of said writ was stated as $154.62 by accident and mistake, whereas the true amount as shown by the books of the garnishee was $104.62.

After the refusal of the garnishee to pay the amount with which it had been charged, suit was brought by said Peoples Loan & Trust Company, against said garnishee, under the statute.

The case is now before us upon the petition of the Pawtucket Institution for Savings for a new trial upon the matter of its being charged as garnishee, upon the grounds:

" (1)   That, at the time of filing the affidavit of garnishee in said cause, by accident and mistake the amount set out in said affidavit as due one of the defendants in said cause was placed at said sum of $154.62, whereas the amount due said defendant and on the books of said garnishee was $104.62, and not $154.62 as by accident and mistake set forth in said affidavit.

" (2)   That the said order, decree, decision, and judgment, charging it as aforesaid as garnishee, was made after a trial in said case after jury trial had been waived, and that it, the said garnishee, had no notice of the hearing at which time it was as aforesaid charged as garnishee, and had no opportunity to correct said mistake in its affidavit aforesaid."

(1)   From an affidavit of the assistant treasurer of the garnishee sworn to March 12, 1906, and filed in support of this petition for a new trial, it appears that at the time of the service of the writ he examined the card ledger of the corporation, and that the balance appearing thereon as due said defendant Hannah McMurray was $154.62, and that he made the affidavit to that effect. He states that from that time until the execution was presented, in February, 1906, the matter of the amount due said defendant was not called to his attention; that he then examined the account of said defendant and found that the balance due her, as appeared upon the card ledger at that time, was $104.62, and that on the 26th day of January, 1905, the day previous to the date upon which the

balance belonging to her had been attached on said writ, she had withdrawn from her account $50, which sum had not been entered by the clerk upon the card ledger upon the date on which he examined the same. That at the time of making said affidavit he supposed the amount due said Hannah Mc-Murray to be the amount disclosed in said affidavit. In a second affidavit, sworn to March 14, 1906, and filed in support of this petition, he says that he failed to inquire of the clerk as to whether there had been any withdrawals made upon said account that did not appear upon the card ledger, and in that way failed to discover the withdrawal; and that it is the custom of all banks, as far as he is aware, not to post deposits or withdrawals upon the card ledger until the day following the one upon which the same are made.

It therefore appears that the defendant withdrew $50 from her account with the garnishee, January 26, 1905; that the attachment was made January 27, 1905; that the affidavit was sworn to February 2, 1905, one week after the withdrawal of the $50, and six days after the attachment; that the assistant treasurer made the affidavit from an examination of the card ledger made on the day of the attachment, without inquiry as to deposits or withdrawals, although he says it is the custom of banks not to put such deposits or withdrawals upon the card ledger until the day after they are made; that the case was not heard in the Superior Court until January 30, 1906, and that the execution was not presented to the garnishee until February 13, 1906, on which date the garnishee, by its officer, says it first found that the affidavit was wrong as to the amount due the defendant.

Do these facts show such a case of accident or mistake as entitles the garnishee to a new trial? We think not. If the officer making the affidavit did not know the amount due the defendant, it was his duty to know it. The statute, cap. 254, § 10, Gen. Laws, required the garnishee to render an account in writing upon oath of what personal estate of the defendant it had in its hands or possession at the time the writ was served upon it. The ascertainment of the correct amount was a necessary preliminary to the making of the affidavit. An oath

is not to be taken lightly or carelessly, but solemnly, and with regard to those facts, and only those, which are known to the affiant.   Having under the above circumstances filed an affidavit stating the amount due the defendant, and having allowed the cause to proceed to judgment and execution without attempting to correct the affidavit, the garnishee can not now be heard to say that the amount stated therein as due the defendant is too large.   The facts disclose, not a case of accident or mistake unmixed with neglect, but, on the contrary, a case of neglect, pure and simple.   This affords no ground for a new trial.   *Haggelund* v. *Oakdale Mfg. Co.*, 26 R. I. 520; *Dillon* v. *O'Neal, Id.*, 87.   See also *R. I. Exchange Bank* v. *Hawkins*, 6 R. I. 198.

(2)      The second ground for a new trial is without merit.   The garnishee had been notified of the suit by the service of the writ upon it, and was not entitled to further notice.

Petition for new trial denied.

*Burbank and Brown*, for plaintiff.

*Edward W. Blodgett*, for Pawtucket Institution for Savings, petitioner.